IN THE MATTER OF THE APPLICATION OF THE SOUTH BROOKLYN RAILROAD AND TERMINAL COMPANY, TO ACQUIRE TITLE TO REAL ESTATE OF MARY GATES AND OTHERS.

*Right of a railroad company to take lands, outside of six rods allowed for the road-bed, for the purpose of cuttings and embankments — chap. 140 of 1850, sec. 28, sub. 4 — the additional lands need not be shown in the map or profile of its route required to be filed by section 22 of the act.*

By subdivision 4 of section 28 of chapter 140 of the Laws of 1850, railroads, after incorporation, are authorized to lay out a road, "not exceeding six rods in width, and to construct the same, and for the purposes of cuttings and embankments to take as much more land as may be necessary for the proper construction and security of the road, and to cut down any standing trees that may be in danger of falling on the road, making compensation therefor, as provided in this act, for lands taken for the use of the company." The act also requires every railroad corporation, before constructing any part of its road, to make a map and profile of the route intended to be adopted through every county through which the proposed route is located, and to give notice thereof to all actual occupants of the land proposed to be taken, the owners of which are entitled, within fifteen days thereafter, to apply for a change of route.

The defendant made a map and profile of its route, the map including the entire statutory width of ninety-nine feet, and no more. In constructing the road it was shown that it would be necessary to make a cutting seventy feet at one part of the route, and in making this cutting it would be necessary to take land adjacent to and outside of the ninety-nine feet. No change of route was proposed by the landowner.

*Held*, that the company might take this additional land without making a new map and profile.

That it was not reasonable to suppose that the legislature intended that the necessity for additional land, required for the security of the road for slopes, cuttings and embankments, was, at all hazards, to be anticipated by the company ; as so much depends upon the material included in the cut or embankment that nothing but actual experience could determine as to this need for the additional land required in their safe construction.

APPEAL from an order made at a Special Term held at the city of Brooklyn on July 20, 1888, denying the application of the petitioner for the appointment of commissioners to appraise lands to be taken by it for railroad purposes, which order was filed in the office of the clerk of Kings county on July 21, 1888.

The South Brooklyn Railroad and Terminal Company having surveyed the line or route of its proposed road, and made and filed a

map thereof by which such route or line was designated, together with a profile of the same showing the land necessary and proposed to be taken therefor, and having acquired and owning the complete right of way, as shown by said map, from its westerly terminus at the bay of New York through and to the line between the city of Brooklyn and the town of New Utrecht, and having entered into and being in possession of said right of way and while engaged in the construction of its said road, presented the petition in this matter for the appointment of commissioners to appraise lands of the respondent, lying outside of the line or route of its road as shown by said map.

*Jesse Johnson*, for the petitioner, appellant.

*Wm. S. Cogswell*, for Mary Gates and others, respondents.

BARNARD, P. J. :

By subdivision 4 of section 28 of chapter 140 of the Laws of 1850, it is provided that railroads, after incorporation, may lay out a road "not exceeding six rods in width, and to construct the same ; and, for the purposes of cuttings and embankments, to take as much more land as may be necessary for the proper construction and security of the road, and to cut down any standing trees that may be in danger of falling on the road, making compensation therefor as provided in this act for lands taken for the use of the company."

Every railroad corporation, before constructing any part of its road, is required to make a map and profile of the route intended to be adopted in every county through which the proposed route is located. (Sec. 22.) Notice must then be given to all actual occupants of the land proposed to be taken. Fifteen days' time is given to the owner to apply for a change of route. The defendant made a map and profile of its route, and this map included the entire statute width, ninety-nine feet, and no more. In constructing the road it is necessary to make a cut of seventy feet at one part of the route. In making this cut it is necessary to take the land adjacent and outside of the ninety-nine feet. No change of route was proposed by the landowner. The question presented is whether the company can take this additional land without a new map and profile. I think it can. The statute absolutely limits the width of the road,

and this strip is taken. It is not reasonable to suppose that the legislature intended that the additional lands, which became necessary for the security of the road for slopes for cuttings and embankments, were, at all hazzards, to be anticipated by the company. So much depends upon the material included in this cut or embankment that nothing but actual experience can give evidence of this need of the additional land required for their safe construction. If the cut develops quicksand, or if the rock is shelly, a need is at once presented for more land, and not certainly until then. It is a more reasonable construction of the railroad act that this additional land was to be taken as its need was developed after the construction was commenced.

The order should, therefore, be reversed, with costs and disbursements, and a commission appointed to appraise the land in question, unless an issue is made on the facts of the petition; leave to make such issue is hereby granted.

PRATT, J., concurred.

Order reversed, with leave to owner to make an issue as to the necessity for the land by petitioner